**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ESTÉE LAUDER COSMETICS LTD. ) | |
| and MAKE-UP ART COSMETICS INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 20 C 845 |
| v. ) | |
| ) | Judge John Z. Lee |
| THE PARTNERSHIPS and ) | |
| UNINCORPORATED ASSOCIATIONS ) | |
| IDENTIFIED ON SCHEDULE "A," ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiffs Estée Lauder Cosmetics Ltd. and Make-Up Art Cosmetics Inc. ("MAC") allege claims of trademark infringement against 75 online retailers. *See* Compl., ECF No. 1. Given the dozens of Defendants in this case, the Court instructed the Plaintiffs to file a memorandum of law as to why joinder is appropriate under Rule 20 of the Federal Rules of Civil Procedure. ECF No. 14. The Court has reviewed that memorandum and, for the following reasons, finds that joinder is improper. As detailed below, the Plaintiffs may attempt to cure the deficiency by filing an amended complaint. Moreover, in light of this Order, Plaintiffs' motions [16][21] are stricken without prejudice. Their motion for leave to file under seal [24], however, is granted.

## I.   Background

MAC, an Estée Lauder subsidiary, has an exclusive license to use several federally registered trademarks in connection with various cosmetics and related beauty products. Compl. ¶ 6. Since at least 2000, Estée Lauder has generated a

significant portion of its business through operating a website that promotes and sells genuine MAC products. *Id.* ¶ 14.

MAC and Estée Lauder ("the Plaintiffs") bring claims under the Lanham Act, alleging that the Defendants, "either individually or jointly," run e-commerce stores in foreign jurisdictions that advertise and sell counterfeit MAC products to customers in the United States. *Id.* ¶ 17. The Defendants' stores, the Plaintiffs state, "often share unique identifiers" such as common design elements, allegedly evincing that Defendants "are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell products using infringing and counterfeit versions of the MAC Trademarks." *Id.* ¶ 28.

Shortly after this case was filed, the Court *sua sponte* raised the issue of whether joinder of the Defendants is appropriate, asking the Plaintiffs for a memorandum of law in support of their position. ECF No. 14, *see* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (faulting the district court for not scrutinizing the propriety of joinder in case with twenty-four defendants). The Court now turns to that issue.

## II.    <u>Legal Standard</u>

Federal Rule of Civil Procedure 20(a)(2) provides that multiple defendants may be joined in a single action if (1) the claims against them are asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or

occurrences," and (2) there is a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2)(A)–(B).

In considering whether the "transaction or occurrence" requirement is met, courts must "consider the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds." *Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 284 (7th Cir. 2007). Though "there is no formalistic test" to apply, *id.*—with questions of fairness being paramount—courts typically find that there is a shared "transaction or occurrence" only where there is a "logical relationship between the separate causes of action." *In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed. Cir. 2012); *In re Price*, 42 F.3d 1068, 1073 (7th Cir. 1994). Such a relationship, in turn, exists where there is a "substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant," thus allowing for efficiencies through joinder. *In re EMC Corp.*, 677 F.3d at 1358.

To this point, courts in this district "have consistently held" that joinder is improper under Rule 20(a)(2) where "multiple defendants are merely alleged to have infringed the same patent or trademark." *ThermaPure, Inc. v. Temp-Air, Inc.*, No. 10 C 4724, 2010 WL 5419090, at *4 (N.D. Ill. Dec. 22, 2010); *see, e.g.*, *Slep-Tone Entm't Corp. v. Roberto*, No. 12 C 5750, 2013 WL 5748896, at *2–3 (N.D. Ill. Oct. 22, 2013); *Spread Spectrum Screening, LLC v. Eastman Kodak Co.*, No. 10 C 1101, 2010 WL 3516106, at *2 (N.D. Ill. Sept. 1, 2010). "That makes sense: . . . . When defendants are not connected to one another, there is no evidentiary overlap in proving what one

defendant did and what another did. Or, when viewed from the defense perspective, there is nothing that one defendant could advance in defending a case that would be dependent on an unrelated codefendant." *Estée Lauder Cosmetics Ltd. v. The P'ships and Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 182, 187 (N.D. Ill. 2020) (Chang, J.).

Plaintiffs bear the burden at the outset of the case to plausibly allege that joinder of defendants is proper under Rule 20(a)(2). *See, e.g.*, *Turley v. Gaetz*, 625 F.3d 1005, 1011 (7th Cir. 2011); *reFX Audio Software Inc. v. Does 1-85*, No. 13 C 1790, 2014 WL 1293816, at *7 (N.D. Ill. Mar. 24, 2014). In evaluating whether this burden has been met, "courts must accept the factual allegations in a plaintiff's complaint as true." *Desai v. ADT Sec. Servs., Inc.*, 2011 WL 2837435, at *3 (N.D. Ill. July 18, 2011) (quoting *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 159 (S.D.N.Y. 2009)). This assumption of truth does not extend, however, to conclusory or speculative statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Arreola v. Godinez*, 546 F.3d 788, 797 (7th Cir. 2008).

Upon finding that joinder of defendants is improper under Rule 20(a)(2), the Court may sever the parties on its own or order the plaintiff to cure the deficiency. *See* Fed. R. Civ. P. 21; *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018).

### III.   Analysis

The Court first turns to the Plaintiffs' contention that joinder would be proper even if the Defendants operate their e-commerce stores entirely independently of each other. *See* Pls.' Mem. in Supp. of Joinder at 3, ECF No. 25 ("Well-pleaded allegations

in Plaintiffs' complaint establish that Defendants are working in a similar manner and during the same time period to sell counterfeit MAC Products . . . . This establishes a logical relationship supporting joinder." (citing *Bose Corp. v. P'ships and Unincorporated Ass'n Identified on Schedule "A*," No. 19 C 7467, 2020 WL 814869 (N.D. Ill. Feb. 19. 2020))).

This argument, which appears to adopt the reasoning propounded in *Bose Corp.*, concedes that parallel sellers of counterfeit goods—that is, counterfeiters engaged in similar conduct but without any relationship with, or connection to, each other—do not engage in the same "transaction" as defined under Rule 20(a)(2). Pls.' Mem. in Supp. of Joinder at 2. But, seizing on the disjunctive "or" in Rule 20(a)'s "transaction or occurrence," the argument proffers that those sellers may nevertheless be part of the same "occurrence" from the perspective of the plaintiff. After all, the Plaintiffs say, it is not one particular infringer that materially harms its business interests, but instead the "occurrence" of a "swarm" of infringers operating in similar ways at similar times. *Id.* at 3, *see Bose Corp.*, 2020 WL 814869 at *5 ("From the *plaintiff's perspective* (which is the appropriate perspective at the pleading stage) it is irrelevant whether the swarm [of infringers] is intentionally coordinated or simply a product of forces enabled by the internet.").

Although this argument is not without some appeal, the Court is not prepared to abandon the principle that similar conduct alone is insufficient to establish joinder of defendants. That would not only flout what courts in this district have "repeatedly recognized" over several decades, *Slep-Tone Entm't Co.*, 2013 WL 5748896 at *3, but

5

it would also render toothless the limits contained in Rule 20(a)(2), gutting the demand of a shared "transaction or occurrence" and replacing it with significantly more lenient standard requiring only that one defendant's alleged conduct merely resemble the alleged conduct of their co-defendants in time and manner. As a result, joinder would be permitted under Rule 20(a) even though none of its intended purposes—such as avoiding delay and expense where there is evidentiary overlap, *see Eclipse Mfg. Co. v. M and M Rental Center, Inc.*, 521 F. Supp. 2d 739, 744 (N.D. Ill. 2007)—would be served. Furthermore, it is difficult to fathom a principled basis for cabining such a rule to trademark-infringement cases, creating the potential for unintended consequences in how a wide range of cases are litigated.

Nevertheless, Plaintiffs submit that each parallel trademark infringer *necessarily* benefits from the others' presence—with each additional infringer, the argument goes, the likelihood that any one of them will be caught decreases—and thus they should each be considered as acting cooperatively as part of the same set of "transactions or occurrences." Pls.' Mem. in Supp. of Joinder at 8. Although it is conceivable that in *some* cases two independent infringers may uniquely and concretely benefit from the existence of each other, the Court cannot accept the Plaintiffs' sweeping suggestion for *all* cases and *all* defendants. Here too, the Plaintiffs' logic suffers from the absence of a limiting principle; in almost any context, given finite enforcement resources, the more people or entities that commit a violation, the less likely it is that any given violator will be caught.

Plaintiffs also invoke practical considerations to support their permissive reading of Rule 20. For one, they argue, foreign online retail infringers in trademark cases like this are unlikely to appear and, thus, unlikely to be prejudiced by joinder. *See* Pls.' Mem. in Supp. of Joinder at 11. Granted, this may be true at the liability stage; by failing to appear, a properly served defendant will be deemed liable by default whether or not they have been joined with other defendants. *See* Fed. R. Civ. P. 55(a).

But plaintiffs in such trademark cases typically pursue statutory damages against all of the many defaulting defendants, given the difficulty in calculating actual damages. *See Gabbanelli Accordions & Imports, L.L.C. v. Gabbanelli*, 575 F.3d 693, 697–98 (7th Cir. 2009). And when a court is asked to award statutory damages en masse as to dozens, or even hundreds, of defendants in a single case, it deprives each defendant of a more tailored judgment. *See H-D U.S.A., LLC v. SunFrog, LLC*, 311 F. Supp. 3d 1000, 1048 (E.D. Wis. 2008) (noting that statutory damages under the Lanham Act are "meant to be tailored to the facts of the case at hand" with careful consideration of various "relevant analytical factors"); *Coach, Inc. v. Treasure Box, Inc.*, No. 3:11CV468, 2014 WL 888902, at *1–5 (N.D. Ind. Mar. 6, 2014) (deciding on an amount of statutory damages under the Lanham Act through diligently considering testimony, the awards issued in more than a dozen analogous cases, "the profits reaped by the infringer; the revenues lost by the plaintiff; the value of the trademarks; whether the infringing conduct was willful; the duration of the infringement; and the potential deterrent effect on the defendant and others"). For

this reason, joinder of alleged counterfeiters that lack any affiliation is hard to square with the "fundamental fairness" that is central to the Rule 20(a) inquiry. *Chavez v. Illinois State Police*, 251 F.3d 612, 632 (7th Cir. 2001).

Moving to their next argument, Plaintiffs, in a nod to judicial economy, suggest that this judicial district will be swamped with single-defendant trademark infringement cases unless they are permitted to join parallel infringers in one lawsuit. Pls.' Mem. in Supp. of Joinder at 12. But, if a defendant likely will not appear to contest such an individual lawsuit—as Plaintiffs claim—the cases would be far from a heavy lift for their assigned judges. What's more, increased docket activity seems an acceptable and easily surmountable burden to ensure a consistent application of Rule 20 and minimize prejudice to defendants, particularly when hundreds of thousands of dollars may be at stake. *See* 15 U.S.C. § 1117(c) (permitting plaintiffs, in cases of willful use of a counterfeit mark, to elect to recover statutory damages of up to $2,000,000 per counterfeit mark per type of goods sold).

The Court thus embraces the longstanding procedural tenet that joinder under Rule 20(a) cannot be premised solely on independent, parallel conduct. Instead, the plaintiff must show some additional cooperation, coordination, or relationship between each joined defendant. And, although conclusory assertions of such a link between defendants are insufficient, *cf. Arreola*, 546 F.3d at 797, a plaintiff can meet its burden at the pleading stage by coupling such assertions with specific factual allegations that indicate cooperation, coordination, or collusion. Examples of such facts include, *inter alia*, shared physical or email addresses, substantially

8

identical product descriptions or web pages, or (to import a concept from elsewhere in trademark law) websites that share a distinctive "look and feel," *see, e.g.*, *Conference Archives, Inc. v. Sound Images, Inc.*, No. 3:2006-76, 2010 WL 1626072, at *4 (W.D. Pa. Mar. 31, 2010) (discussing, in the trade-dress context, the "look and feel" of a website, which includes technical elements such as colors, orientation, and code elements).

Of course, such facts will not definitively establish coordination or any other kind of relationship between the defendants; for instance, defendants with nearly identical product descriptions may in fact share no ties, with each simply copying the same description from elsewhere. *See Estée Lauder*, 334 F.R.D. at 188–89. But, at least at the pleading stage, plaintiffs need not allege facts that definitively establish a link between the defendants; they need only allege facts that plausibly establish such a link. *See reFX Audio Software Inc.*, 2014 WL 1293816, at *7. And specific factual assertions consistent with a narrative of cooperation or other connection, viewed in the light most favorable to the plaintiff, are enough to achieve plausibility. *See generally Viamedia, Inc. v. Comcast Corp.*, 951 F.3d 429, 454 (7th Cir. 2020).

In the end, the Court will rely on its judgment and common sense to determine whether cooperation, coordination, or other ties have been plausibly alleged, *see Iqbal*, 556 U.S. at 679, and generic allegations that necessarily implicate large numbers of infringers will not pass muster. For instance, the fact that multiple defendants lack proper contact information on their websites, *see*

9

Pls.' Mem. in Supp. of Joinder at 1, suggests little by itself about possible ties between those defendants, instead hinting at what must be true for the vast majority of counterfeiters—that they hope not to be caught. Similarly, that the product descriptions of two defendants *lack* certain words or phrasing, *see id.*, is potentially probative only if such omissions are exceedingly uncommon among counterfeiters of the goods in question.

With these guideposts in mind, the Court turns to the facts here. While the Plaintiffs assert that the Defendants are "an interrelated group of counterfeiters acting in active concert," Compl. ¶ 28, they do not clearly put forth allegations that *each* Defendant has ties to *every other* Defendant. Moreover, much of what they do present is generic and would likely apply to counterfeiters at large, including the fact that none of the Defendants' websites include "credible information" regarding their physical addresses, *id.* ¶ 7. And although Plaintiffs aver that Defendants "are in constant communication with each other" on various chatting websites, based "[o]n information and belief," *id.* ¶ 26, they offer no facts from which the Court can infer such a relationship.

Indeed, Plaintiffs hedge and suggest that many of the Defendants are not in fact linked but were merely counterfeiting in a similar manner during the same period. *See* Pls.' Mem. in Supp. of Joinder at 8. Relatedly, while the Plaintiffs add that certain of the Defendants share unique identifiers, Plaintiffs also imply that many of the Defendants do not, *id.* at 8.

In short, the Court finds that Plaintiffs have not met their burden to show that joinder of every Defendant is proper in this case. Plaintiffs are given until July 17, 2020 to file an amended complaint that includes only those Defendants that are alleged to have coordinated, collaborated, or are otherwise connected with each other. Consistent with the principles articulated in this order, Plaintiffs must allege specific facts indicating ties between each Defendant, including shared, or substantially shared, identifiers that do not encompass a significant portion of either all e-commerce counterfeiters generally or all MAC counterfeiters specifically.

## IV.    <u>Conclusion</u>

For the foregoing reasons, the Court finds that the Defendants are not properly joined. Plaintiffs may attempt to cure this deficiency by filing an amended complaint no later than July 17, 2020.

ENTERED:  6/22/20

_____

John Z. Lee

United States District Court Judge